IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| VILLA PRINTS, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | 1-15-CV-746 RP |
| | § | |
| CECROPIA SOLUTIONS, LLC, | § | |
| | § | |
| Defendant. | § | |

## <u>ORDER</u>

Before the Court are Cecropia Solutions, LLC's Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(6), filed December 18, 2015 (Clerk's Dkt. #15) and the responsive pleadings thereto. After reviewing the pleadings, relevant case law, as well as the entire case file, the Court issues the following order.

## I. BACKGROUND

Plaintiff Villa Prints, Inc. originally filed this action in the 419th Judicial District Court of Travis County, Texas naming as sole defendant Cecropia Solutions, LLC. Defendant thereafter removed the action to this court.

This action arises from a contract entered into by Plaintiff and Defendant in June 2014. Under the contract, Defendant agreed to develop and provide to Plaintiff "a fully functional eCommerce website." According to Plaintiff, the contract contemplated work in two portions, with a total cost of $101,862.57, including a cost for the "Branding/UI/UX/Designer" portion of $17,850.00. (Plf. Am. Compl. ¶¶ 14-17 & Ex. A).

Plaintiff alleges that, by October 2014, it realized the amounts billed by Defendant for the "Branding/UI/UX/Designer" portion had reached $27,275.21, and Plaintiff had paid $12,233.27. Plaintiff also alleges it had not received any work product for that portion. Plaintiff notified Defendant of the problem. (*Id*. ¶¶ 18-19).

According to Plaintiff, as a result, the parties entered into a second agreement ("Addendum") on October 31, 2014.  The Addendum terminated the "Branding/UI/UX/Designer" portion of the project and stated the remaining portion would not be affected, including its previously estimated cost of $84,002.57.  Although Defendant represented to Plaintiff via email on October 21, 2014 that completion date was within four weeks at estimated cost, by November 29, 2014 Plaintiff had been charged and paid $93,762.40 and had not received a finished project.  Via email on December 12, 2014, Defendant informed Plaintiff that the total cost would be approximately 21% over the original estimate.  (*Id*. ¶¶ 20-23).

According to Plaintiff, the relationship between the parties thereafter broke down, Defendant has still not provided the fully functional website promised, and the work that has been provided is defective.  (*Id*. ¶¶ 24-34).  As a result, Plaintiff filed this action, asserting causes of action for breach of contract, fraudulent inducement, unjust enrichment, and for violation of the Texas Deceptive Trade Practices Act ("DTPA").  (*Id.* ¶¶ 36-48).

Defendant now moves to dismiss Plaintiff's claims of fraudulent inducement, unjust enrichment and under the DTPA for failure to state a claim.  The parties have filed responsive pleadings and the motion is ripe for review.

## II.  APPLICABLE LAW

When evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6) the complaint must be liberally construed in favor of the plaintiff and all facts pleaded therein must be taken as true.  *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).  Although Federal Rule of Civil Procedure 8 mandates only that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief," this standard demands more than unadorned accusations, "labels and conclusions," "a formulaic recitation of the elements of a cause of action,"

or "naked assertion[s]" devoid of "further factual enhancement." *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007).  Rather, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570.  The court must initially identify pleadings that are no more than legal conclusions not entitled to the assumption of truth, then assume the veracity of well-pleaded factual allegations and determine whether those allegations plausibly give rise to an entitlement to relief.  If not, "the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting FED. R. CIV. P. 8(a)(2)).

### III.  DISCUSSION

Defendant contend Plaintiff's claims of fraudulent inducement, unjust enrichment and under the DTPA each fail as a matter of law.  Defendant also maintains Plaintiff is barred from seeking lost profits, reliance, special, indirect, or consequential damages.  The Court will address the claims separately before turning to the damages limitation argument.

### A.     DTPA

Defendant first argues Plaintiff's DTPA claim fails because a breach of a contractual relationship is an insufficient basis to support the claim.  The Texas Supreme Court has made clear that "[a]n allegation of a mere breach of contract, without more, does not constitute a 'false, misleading or deceptive act' in violation of the DTPA." *Ashford Dev., Inc. v. USLife Real Estate Servs. Corp.*, 661 S.W.2d 933, 935 (Tex. 1983).  Courts have, however, recognized there are circumstances which fall outside this general rule.  For example, an allegation that a party to a contract never intended to adhere to the terms of the contract could support a distinct DTPA claim. *First Metro. Church of Houston v. Genesis Grp.*, 616 F. App'x 148, 149 (5th Cir. 2015).  In addition, "[b]reach of 'an independent duty, separate from the existence of the contract itself,' represents a particular situation where tort claims (based on that independent duty) may co-exist with contract

claims (based on a breach of the contract)." *McCaig v. Wells Fargo Bank (Texas), N.A.*, 788 F.3d 463, 474-75 (5th Cir. 2015) (quoting *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 47 (Tex. 1998)).   Not surprisingly, courts "have struggled to clarify the boundary between contract claims and other causes of action." *Crawford v. Ace Sign, Inc.*, 917 S.W.2d 12, 13 (Tex. 1996).

In this case, Plaintiff alleges Defendant has violated the DTPA by: (a) "[r]epresenting that services are of a particular standard, quality or grade that they are not;" (b) "[f]ailing to disclose information about services that were known at the time of the transaction intending to induce Plaintiff to enter into a transaction that Plaintiff would not have entered into if the information had been disclosed;" (c) [b]reach[ing] an express and/or implied warranty; and/or (d) committing "[a]n unconscionable action or course of action to take advantage of Plaintiff's lack of knowledge, ability, experience or capacity to a grossly unfair degree."   (Plf. Am. Compl. ¶ 47).   Each of these allegations track the language of the DTPA defining the term "false, misleading, or deceptive acts or practices."   Tex. Bus. & Com. Code Ann. § 17.46(b).

In support of these general statements, Plaintiff specifically asserts Defendant made a number of false representations, including: (1) that it "had requisite experience in developing and was able to provide the website having the particular functionality and capability required by Plaintiff" (Plf. Am. Compl. ¶ 11); that it "can provide a product warranty that the product will be free of substantial defects" (*Id*. ¶ 13); (3) the total cost it would charge Plaintiff (*Id*. ¶¶ 14, 23); and (4) that it would provide work which was completed by Defendant (*Id*. ¶ 27).   According to Plaintiff, the products that have been provided "are full of defects and shoddy work; the website crashes, has bugs, and the shirt design features are faulty, missing, and unworkable."   (*Id*. ¶ 28).   Plaintiff alleges, had it been aware of Defendant's misrepresentations, it would not have entered into either the Agreement or the Addendum.   (*Id*. ¶ 30).

The Court finds the specific allegations made by Plaintiff to be sufficient to state a claim for

4

relief under the DTPA.  *See Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 305 (Tex. 2006) (initial misrepresentation as to model of vehicle consumer would receive violates DTPA notwithstanding existence of contract); *Mewhinney v. London Wineman, Inc.*, 339 S.W.3d 177, 181 (Tex. App.–Dallas 2011, pet. denied) (claim asserting wine that plaintiff contracted to purchase was not what defendant represented wine to be and that plaintiff would not have entered into contract to buy wine absent representation is actionable under DTPA); *Norris v. Jackson*, 2010 WL 4261541, at *4 (Tex. App.–Fort Worth 2010, no pet.) (affirming finding that representations that contact conferred or involved rights, remedies, or obligations it did not have or involve and failure to disclose information with intent to induce other party into transaction violated DTPA); *Howell Crude Oil Co. v. Donna Ref. Partners, Ltd.*, 928 S.W.2d 100, 108–09 (Tex. App.-Houston [14th Dist.] 1996, writ denied) (recovery under DTPA available when misrepresentations themselves caused harm by inducing plaintiff to enter into agreement that was later breached).  Accordingly, Defendant is not entitled to dismissal of Plaintiff's DTPA claim under Rule 12(b)(6).

Defendant also suggests Plaintiff's DTPA claim should be dismissed as inadequately pled under Rule 9(b) of the Federal Rules of Civil Procedure.  Rule 9 requires pleading the circumstances of a fraud-based claim "with particularity."  FED. R. CIV. P. 9(b).  The particularity requirement generally means that the pleader must set forth the "who, what, when, where, and how" of the fraud alleged.  *United States ex rel. Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir. 2005).

As set forth above, Plaintiff has alleged Defendant made a number of misrepresentations. Plaintiff alleges those misrepresentations were made "in emails, telephone and face to face meetings with Plaintiff, in the April through May, 2014 timeframe."  (Plf. Am. Comp. ¶ 9).  Plaintiff provides specific examples, including dates, the person making the statement, and the statement itself.  (*Id.*).  Plaintiff additionally alleges the parties engaged in face to face conversations in Austin, in April and May 2014, the persons involved and the statements made in those

conversations.  (*Id*. ¶¶ 10-14).  The Court finds these allegations sufficiently detailed to meet the Rule 9 particularity standard.[1]

Defendant alternatively asks the Court to abate the DTPA claim based on Plaintiff's failure to provide notice of its DTPA claim prior to filing suit.  The DTPA requires a consumer, "[a]s a prerequisite to filing suit" under the DTPA, to give written notice "at least 60 days before filing the suit" of the consumer's specific complaint.  TEX. BUS. & COMM. CODE ANN. § 17.505(a).  If notice was not provided "[t]he court shall abate the suit."  *Id*. § 17.505(d).  Plaintiff does not contest Defendant's assertion that it failed to provide the requisite notice.  Accordingly, Texas law requires this suit be abated for sixty days.

## B.   Fraudulent Inducement

To establish a claim for fraudulent inducement, a plaintiff must show: (1) the defendant "made a material representation"; (2) the "representation was false and was either known to be false when made or made without knowledge of its truth"; (3) the "representation was intended to be and was relied upon by the injured party"; and (4) plaintiff's "injury complained of was caused by the reliance."  *Nat'l Prop. Holdings, L.P. v. Westergren*, 453 S.W.3d 419, 423 (Tex. 2015).  Defendant argues Plaintiff has failed to state a claim for fraudulent inducement because it cannot show the required reliance for two reasons.  First, because any pre-contractual representations alleged by Plaintiff were too indefinite to justify reliance.  Second, because the terms of the Agreement supersede and cancel any previous representations and thus bar Plaintiff from claiming reliance on the representations.

As to the purported indefiniteness of the pre-contractual representations alleged by Plaintiff, Defendant correctly points out that, under Texas law, reliance on indefinite statements and

---

[1] Defendant makes the same argument under Rule 9 regarding Plaintiff's claim of fraudulent inducement.  As the basis of the two claims is the same, the Court find the argument similarly unavailing as to the fraudulent inducement claim.

proposals is not justified.  *See, e.g., Kevin M. Ehringer Enters., Inc. v. McData Servs. Corp.*, 646 F.3d 321, 327 (5th Cir. 2011) (promise to use "best efforts" was "too indefinite and vague" to support a claim for fraudulent inducement); *CMS Energy Res. Mgmt. Co. v. Quicksilver Res., Inc.*, 2009 WL 1815776, at *10 (Tex. App.–Fort Worth June 25, 2009, no pet.) (holding promises to share future savings and work toward best use of gas supply "conditional, indefinite, speculative promises and trade talk [that] will not support a fraudulent inducement claim"); *Gilmartin v. KVTV-Channel 13*, 985 S.W.2d 553, 558 (Tex. App.–San Antonio 1998, no pet.) (promise to renew employment if employee's performance was satisfactory too indefinite to support justifiable reliance).   Plaintiff concedes Defendant has correctly stated the law, but disagrees that the statements at issue qualify as indefinite.

For example, Plaintiff alleges Defendant represented it had the "experience, capability and ability to provide Plaintiff a website having the requisite particular functionality and capability."  (Plf. Am. Compl. ¶ 8).  More specifically, Plaintiff alleges Defendant represented it would provide a website with functionality equivalent to a specific then functioning competing website.  (*Id*. ¶¶ 12, 17).  Although Plaintiff admits Defendant provided only estimates of the time it would take to complete development, Plaintiff alleges Defendant provided specific prices for each portion of the website development, as well as a total cost for the project.  (*Id*. ¶ 9).  According to Plaintiff, Defendant knew Plaintiff had no familiarity with website design and would, and did, rely on Defendant's representations in entering into a contract with Defendant.  (*Id*. ¶¶ 8, 15).  The Court agrees with Plaintiff that, at this stage of the litigation, it has alleged representations which are beyond mere puffery or statements of opinion and sufficient to state a claim.

As to Defendant's contention that the terms of the Agreement bar Plaintiff's claim, the Court also finds it unavailing.  Defendant points to language in the Agreement which provides that the Agreement "supersedes and cancels all previous or contemporaneous agreements, representations, commitments, and writings" between the parties.  (*Id*. Ex. A ¶ 17).  Defendant

maintains this language precludes Plaintiff from asserting is relied on Defendant's representations prior to the Agreement as is necessary to support a fraudulent inducement claim.

However, as Plaintiff points out, the Texas Supreme Court has "decline[d] to adopt a per se rule that a disclaimer automatically precludes a fraudulent-inducement claim." *Forest Oil Corp. v. McAllen*, 268 S.W.3d 51, 61 (Tex. 2008). Rather, that court made clear the analysis must be contextual and look to whether the language at issue "clearly expresses the parties' intent to waive fraudulent inducement claims, or . . . disclaims reliance on representations about specific matters in dispute." *Id*. (quoting *Schlumberger Tech. Corp. v. Swanson*, 959 S.W.2d 171, 181 (Tex. 1997)). As the language relied on by Defendant falls short of the requisite level of specificity, Defendant has not shown dismissal on this basis is warranted.

## C.    Unjust Enrichment

Defendant also moves to dismiss Plaintiff's claim of unjust enrichment. Defendant maintains the existence of an express contractual agreement between the parties bars Plaintiff from asserting such a claim. "Generally speaking, when a valid, express contract covers the subject matter of the parties' dispute, there can be no recovery under a quasi-contract theory." *Fortune Prod. Co. v. Conoco, Inc.*, 52 S.W.3d 671, 684 (Tex. 2000). There are exceptions to that rule, however, including overpayments under a contract. *N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 204 (5th Cir. 2015); *Fortune Prod.*, 52 Sw3d at 684; *Sw. Elec. Power Co. v. Burlington N. R.R. Co.*, 966 S.W.2d 467, 469–70 (Tex. 1998). Plaintiff here has alleged it paid monies to Defendant for portions of the promised work, but did not receive any product in return. (Plf. Am. Compl. ¶ 18). Because Plaintiff is alleging an overpayment under the terms of the contract, Defendant has not shown Plaintiff is barred from asserting its claim of unjust enrichment.

8

**D.      Limitations on Damages**

Defendant finally maintains Plaintiff is barred from seeking lost profits, reliance, special, indirect, or consequential damages based on a limitation of liability provision included in the Agreement.   That provision states:

> In no event shall either party have any liability for any lost profits, . . . costs of procurement of substitute goods or services, or for any reliance, special, indirect, or consequential damages arising out of this agreement.   [Defendant's] liability under this agreement shall not exceed the amounts received by [Defendant] from [Plaintiff] under this agreement.

(Plf. Am. Compl. Ex. A ¶ 4).

Plaintiff responds by pointing out that "Texas court may not enforce a contractual limitation of liability as a defense to an intentional tort such as fraud."  *Aluchem, Inc. v. Sherwin Alumina, L.P.*, 2007 WL 1100473, at *9 (S.D. Tex. Apr. 11, 2007) (citing *Helms v. Sw. Bell Tel. Co.*, 794 F.2d 188, 193 (5th Cir. 1983)); *Budner v. Wellness Int'l Network, Ltd.*, 2007 WL 806642, at *8 (N.D. Tex. 2007).   The authority that Defendant cites which it purports to be to the contrary addresses and enforces limitations provisions as to claims for breach of contract, not tort-based claims.   *See Shakeri v. ADT Sec. Servs., Inc.*, 2014 WL 5780955, at *10 (N.D. Tex. Nov. 6, 2014) *aff'd on other grounds*, 2016 WL 877136 (5th Cir. Mar. 7, 2016) ("The court therefore concludes that the 1999 Contract contains a valid limitation clause, and that Neimax's breach of contract claim should be limited accordingly"); *Moon Soo Kim v. Stanley Convergent Sec. Sols., Inc.*, 2013 WL 1715789, at *3 (N.D. Tex. Apr. 19, 2013) ("the Court concludes that the Agreement contains a valid limitation clause, and that Plaintiff's breach of contract claim should be limited accordingly").   Accordingly, Defendant is not entitled to limit Plaintiff's extra-contractual damages based on the limitation of liability provision in the Agreement.

**V.  CONCLUSION**

Accordingly, the Court hereby **DENIES** Cecropia Solutions, LLC's Motion to Dismiss Under

Federal Rule of Civil Procedure 12(b)(6) (Clerk's Dkt. #15).  This action is abated for a period of sixty days.  *See* TEX. BUS. & COMM. CODE ANN. § 17.505(d).

**SIGNED** on March 18, 2016.

ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE